{¶ 31} Appellant, Jack G. Carey, argues in his fourth assignment of error that the domestic relations court erred when it retained jurisdiction to revisit its spousal support order should he file bankruptcy, because that event was wholly prospective and not ripe for determination when the court entered its order. If Mr. Carey is correct, then by the same token he was not prejudiced by the court's order, because the relief it proposed was not granted but was likewise wholly prospective.
 {¶ 32} We avoid these issues by entering a general remand of this issue to the trial court to "revisit the matter of spousal support in light of Mr. Carey's recent bankruptcy." However, that remand neither offers guidance to the court concerning what it should do nor identifies what the court ought to have done differently.
 {¶ 33} The domestic relations court's purpose in classifying what the decree terms an "allocation of assets and liabilities" as spousal support appears to have been to avoid the prospect that Mr. Carey might seek to discharge the joint debt obligations imposed on him by filing a petition in bankruptcy. And that, in turn, appears to be an effort on the court's part to accommodate Mrs. Carey's desire to not file bankruptcy, at least with respect to the debts on which the parties were jointly obligated and that Mr. Carey was ordered by the court to pay.
 {¶ 34} In re Calhoun (C.A. 6, 1983), 715 F.2d 1103 held that whether joint debts which one party agreed in a separation agreement to pay are dischargeable is an issue to be decided by the bankruptcy court, and is not determined by the terms of a separation agreement. If the same limitation reasonably applies to pronouncements of domestic relations courts, and I believe that it does, the court's classification of its "allocation of assets and liabilities" as spousal support may be unavailing. Nevertheless, in blurring the distinction between debt obligations and spousal support, I believe that the court misapplied the rule of Calhoun, which is limited to construing applicable federal bankruptcy law, to impermissibly expand the scope of orders for spousal support that Ohio law permits a domestic relations court to enter.
 {¶ 35} R.C. 3105.171(C)(3) and R.C. 3105.18(B) draw a clear distinction between property division and spousal support. Under both sections, property division must be complete before spousal support is ordered. "Assets" are property, and though debts are not similarly classified, the court must consider both the "relative assets and liabilities of the parties" which the court has distributed between them when it orders spousal support. R.C.3105.18(C)(1)(i). The serial order of those proceedings creates a distinction between spousal support and debts, including debts owed to third parties which one of the spouses is ordered to pay. Indeed, spousal support cannot include payments to third parties, including creditors, that are made pursuant to a property division award. R.C. 3105.18(A).
 {¶ 36} The sense of these provisions is that spousal support is distinct from joint debt obligations owed to a third person which one of the parties must pay pursuant to a decree of divorce. Therefore, the court should not order such debts paid as a form of spousal support. The problem is only compounded when, having done that, the court "retains jurisdiction" pursuant to R.C. 3105.18(E) to modify its order should the obligor file bankruptcy. In effect, that is no more than a post-decree modification of a property division award that a domestic relations court lacks jurisdiction to order. R.C. 3105.18(I).
 {¶ 37} The court was not without a remedy should Mr. Carey file bankruptcy, however. The court had also ordered Mr. Carey to pay spousal support at the rate of $2,186 per month for thirteen years. The court also retained jurisdiction to modify the amount or term of that spousal support. Should Mr. Carey's bankruptcy then impose additional obligations on Mrs. Carey, she could seek an upward modification of Mr. Carey's monthly spousal support obligation.
 {¶ 38} Mr. Carey's conduct in this matter was not exemplary, and the court reasonably could impose more substantial obligations on him. However, the court should not seek to deny him recourse to relief in bankruptcy to which federal law entitles him. If that relief imposes further obligations on Mrs. Carey, because she won't file bankruptcy, then to some extent she must bear the burden of her choice. The debts involved are, after all, joint debts, for which she is in law responsible. It seems that it would be far more beneficial to Mrs. Carey to accommodate Mr. Carey's desire to be rid of those debts to better allow him to satisfy his other support obligations to Mrs. Carey.
 {¶ 39} On remand, Mrs. Carey may offer evidence that her financial burdens have increased as a result of Mr. Carey's bankruptcy in order to show a change of circumstances sufficient to modify the court's prior spousal support award upward. A change of circumstances may also be shown by evidence that as a result of his bankruptcy, Mr. Carey now has a greater ability to pay spousal support for which Mrs. Carey has a demonstrated need.